[Civ. No. 63681. Second Dist., Div. Five. Apr. 20, 1983.]

GLORIA RODRIGUEZ, Plaintiff and Appellant, v.
FIREMAN'S FUND INSURANCE COMPANY,
Defendants and Respondents.

48

**COUNSEL**

Caplan & Overlander, Harvey L. Goldhammer and Thomas F. Overlander for Plaintiff and Appellant.

Haight, Dickson, Brown & Bonesteel, Michael J. Bonesteel and Roy G. Weatherup for Defendant and Respondent.

**OPINION**

**STEPHENS, Acting P. J.**—Gloria Rodriguez appeals from a judgment of dismissal entered after a demurrer to her second amended complaint was sustained without leave to amend.

Ms. Rodriguez' complaint sought both compensatory and punitive damages against Fireman's Fund Insurance Company (hereinafter Fireman's Fund or Fireman's) for its allegedly unfair settlement practices in violation of Insurance Code section 790.03, subdivision (h). At issue is whether a personal injury claimant who accepts an allegedly unreasonable settlement arguably coerced by the unfair practices of a liability insurer, is barred from suing that insurer for bad faith because the underlying action was concluded by settlement, rather than a final judgment. We believe one should not be barred and therefore reverse the trial court's order of dismissal.

██ Assuming the truth of appellant's allegations,[1] on March 21, 1977, Ms. Rodriguez was in her car stopped at a traffic light when it was rear ended by a vehicle insured by Fireman's Fund. As a result, Ms. Rodriguez suf-

---

[1]On appeal from a demurrer, the appellate court must assume plaintiff's allegations to be true. (*Sackett* v. *Wyatt* (1973) 32 Cal.App.3d 592, 601 [108 Cal.Rptr. 219].)

fered serious injuries. A lawsuit alleging negligence and naming the driver of the vehicle and his employer (Fireman's insured) as defendants was filed. Defendants answered, generally denying all liability. From the date of the initiation of this lawsuit, up to the final settlement date, some three years, Fireman's failed to acknowledge any demand letters for the policy limits nor made any attempt to enter into a settlement.

On June 17, 1980, pursuant to Code of Civil Procedure section 998, Fireman's offered Ms. Rodriguez $200,000 for settlement of her claim against it and its insured.[2] On July 9, 1980, Ms. Rodriguez, by her attorney, accepted the offer but notified Fireman's that she was reserving her right to proceed against it and was releasing only its insured from any further liability. The action against the insured was thereafter voluntarily dismissed with prejudice. On July 16, 1980, an acknowledgment of full satisfaction of judgment against Fireman's insured was filed.

On July 17, 1980, Ms. Rodriguez instituted an action against Fireman's Fund seeking recovery for bad faith and intentional infliction of emotional distress. Ms. Rodriguez alleged that Fireman's made no attempt to effectuate a prompt, fair and equitable settlement of her claim while it knew of the hardship, pain, and suffering she had incurred as the direct result of its insured's negligence. It was further alleged that Fireman's knowingly failed to act in an attempt to reduce and diminish her bargaining power and position and coerce her into accepting the $200,000 settlement offer.

Prior to any appearances, this pleading was superseded by a first amended complaint on August 28, 1980. Fireman's general demurrer was sustained to this first amended complaint with leave to amend.[3]

On November 18, 1980, Ms. Rodriguez filed her second amended complaint. In that complaint Ms. Rodriguez alleged that Fireman's Fund was an insurer which had issued a liability policy to a corporation and its employees covering injuries and damages resulting from the operation of motor vehicles; that plaintiff had sustained "severe and permanent disabling physical and psychiatric injuries in a motor vehicle accident" which had been caused by the "sole negligence" of Fireman's Fund insured; that Fireman's Fund had "made no attempt to effectuate a prompt, fair and equitable settlement" of the personal injury claim against its insured, knowing that "delay would increase the strain and hardship" on the plaintiff and reduce and diminish her "bargaining power

---

[2]This sum was well within the policy limits of $250,000.

[3]The court determined that no cause of action had accrued, because the initial action that Ms. Rodriguez had entered into against Fireman's insured had been concluded by a settlement and not by a judgment against the insured.

and position." This conduct was allegedly designed to coerce Ms. Rodriguez into "accepting an unreasonable, inadequate and unequitable amount to settle her claim." Plaintiff additionally alleged that Fireman's Fund violated Insurance Code section 790.03 by failing to settle her claim "promptly and equitably where liability had become apparent," by making known a practice of appealing judgments and awards, and by advising plaintiff not to obtain the services of an attorney. Furthermore, plaintiff insisted that Fireman's Fund had refused to enter into negotiations or discussions for some three years; that the offer of $200,000 made to plaintiff was "unreasonable and grossly disproportionate to the reasonable value of the injuries and damages sustained" by Ms. Rodriguez; and that she was wrongfully "compelled" to accept the $200,000 statutory offer "out of need for funds." Finally, it was alleged that at the time of her acceptance of the settlement proposal, she advised Fireman's Fund that she was "reserving her right to proceed" against Fireman's Fund for any claims she might have for "bad faith and tortious conduct" arising in the handling of her claim.

Fireman's Fund demurred to this second amended complaint[4] as well as requested that judicial notice be taken of various documents from the court file.

On December 30, 1980, Fireman's Fund's demurrer was sustained without leave to amend. The court determined that no action by a third party claimant against an insurer should lie unless a judgment is first entered against the insured. It felt that upholding a cause of action where the third party has accepted a statutory offer of compromise, would subvert both the offer of compromise and settlement process. Moreover, no insurer, having settled with a third party claimant, could ever be sure that the litigation had ended. In gaining this result, the court relied upon *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329] and *Doser* v. *Middlesex Mutual Ins. Co.* (1980) 101 Cal.App.3d 883 [162 Cal.Rptr. 115]. The court additionally held that Ms. Rodriguez' reservation of rights to proceed against Fireman's Fund had no legal effect. From this decision, Ms. Rodriguez has filed this appeal.

*Discussion*

In *Royal Globe Ins. Co.* v. *Superior Court, supra,* 23 Cal.3d at page 884, the Supreme Court concluded that a third party claimant may sue an insurer for violating Insurance Code section 790.03, subdivision (h) after the action between the injured party and the insured has been "concluded." Fireman's Fund maintains that a "concluded" action encompasses only terminations by final judgment. It finds support for such a limited construction in the cases of *Doser*

---

[4]The second amended complaint was virtually identical to the first. Additional allegations regarding Ms. Rodriguez' reservation of rights against Fireman's in lieu of the settlement and the lack of waiver of rights were included.

v. *Middlesex Mutual Ins. Co.*, *supra*, 101 Cal.App.3d 883 and *Nationwide Insurance Co.* v. *Superior Court* (1982) 128 Cal.App.3d 711 [180 Cal.Rptr. 464]. Those cases, we believe, should be constrained to their factual situations and therefore do not conclusively limit a "concluded action" to final judgments.

In *Doser* the insured was sued by a third party for wrongful death. The parties agreed before trial to compromise the claim in the amount of $980,000 in return for a general release. The limit of the insured's liability policy was $100,000. The parties additionally agreed that in lieu of the $980,000 agreed upon, the insured would assign all claims and causes of action which the insured might have against the insurer to the plaintiff. Thereafter, the wrongful death action was dismissed and plaintiff sued the insurer for $980,000, alleging a bad faith breach of the insurance contract. A judgment at the trial level was entered in favor of the insurer. On appeal, the appellate court affirmed the judgment. It emphasized the requirement that the insurance carrier's liability to its insured must be determined either from the insurance contract or by a binding judgment.

Fireman's Fund contends, based upon the following observation, that the *Doser* court recognized the existence of a judgment as a requirement for a bad faith cause of action.

In *Doser* the court stated as follows: "The rationale of the cases requiring a judgment as a condition precedent to an insured's cause of action against an insurer becomes manifest when we deal with the issue of damages in this case. We are concerned here not only with the fact of damages being clearly established, but the certainty of the amount thereof as well. . . .

"No judge or jury ever considered the facts of the wrongful death case and came up with an appropriate verdict on which a judgment could be based. No agreement as to damages was ever reached in which a representative of the insurance company participated." (*Doser* v. *Middlesex Mutual Ins. Co.*, *supra*, 101 Cal.App.3d at p. 892.)

Accepting Fireman's premise without reservation, we are still faced with the fact that when read contextually, the *Doser* court was overly concerned with what it considered the "unprecedented manner" in which the Doser heirs obtained a damage figure. Therefore, while the passage itself is an acceptable

statement of the law, it was made and thus limited by the facts then to be addressed by that court.[5]

In *Nationwide Insurance Co.* v. *Superior Court, supra,* 128 Cal.App.3d 711, the insured was protected by a policy of automobile liability insurance with $25,000 coverage. Plaintiff's car ran into the rear end of a vehicle driven by the insured. Insured denied liability and cross-complained against plaintiff. The action resulted in a jury award for plaintiff in excess of the insured's coverage. While plaintiff's appeal was pending, plaintiff filed an action against Nationwide alleging bad faith for failing to negotiate a settlement within the policy limits (a violation of § 790.03 of the Ins. Code). The appellate court affirmed the judgment holding that inasmuch as plaintiff's appeal from the judgment in the underlying personal injury action was still pending, a judgment against the insured, for res judicata purposes, had not been secured. Ergo, plaintiff had no cause of action against the insured.

Fireman's insists that any uncertainty concerning the scope of *Royal Globe* and *Doser* is dispelled by *Nationwide* and that the facts in *Nationwide* are indistinguishable from the facts at bar. The foundation for Fireman's premise comes from the following passage: "The proposition espoused by Nationwide is correct. Its demurrer should have been sustained and its motion for judgment on the pleadings granted. (*Royal Globe Ins. Co.* v. *Superior Court, supra,* 23 Cal.3d at p. 892; cf. *Doser* v. *Middlesex Mutual Ins. Co.* (1980) 101 Cal.App.3d 883, 891 [162 Cal.Rptr. 115].) In *Royal Globe* it was held for the first time that a cause of action for damages can be maintained by an injured third party against the insurer of a negligent party for damages resulting from its conduct violating the provisions of Insurance Code section 790.03. However, the court also held that the injured third party may not institute such an action until a *judgment* establishing the liability of the insured has been secured.

"In view of its reasoning, the court's language in *Royal Globe* 'until the liability of the insured is first determined' and 'after the conclusion of the action by the third party claimant against the insured' could only have had reference to a final determination and conclusion, a final judgment." (Italics added.) (128 Cal.App.3d at pp. 713-714.)

---

[5]The *Doser* court went on to note that: "[T]he glaring flaw in the Doser Heirs' case against Middlesex is the unprecentented manner in which they arrived at the $980,000 damage figure. They bootstrapped their damages with the ingenious assistance of counsel. . . . Cathcart on behalf of the Doser Heirs merely 'compromised' their claim for damages against the Estate for $980,000, a figure $480,000 in excess of their original claim, only $20,000 less than their prayer in the San Diego action, and $880,000 in excess of the Middlesex policy." (*Doser* v. *Middlesex Mutual Ins. Co., supra,* 101 Cal.App.3d at p. 892.)

Thus, it is clear, at least to Fireman's Fund, that "no injured person may bring a tortfeasor's insurer [into court] unless and until he has secured final judgment against the tortfeasor."

While we are in accord with *Nationwide*'s result based upon the facts then before it, we feel the *Nationwide* court has somewhat misstated one aspect of the *Royal Globe* decision. In *Nationwide,* the court wrote: "However, the court [in *Royal Globe*] also held that the injured third party may not institute such an action until a *judgment* establishing the liability of the insured has been secured." (Italics added.) 128 Cal.App.3d at p. 714.)

The court in *Nationwide* refers the reader to 23 Cal.3d at page 892. A close reading of the *Royal Globe* decision establishes that the Supreme Court at no point required a *judgment* prior to the filing of such an action. The court specifically states: "Moreover, unless the trial against the insurer is postponed until the liability of the insured *is first determined,* the defense of the insured may be seriously hampered by discovery . . . ." (*Royal Globe, supra,* 23 Cal.3d at p. 892; italics added.) The court also consistently uses the word concluded, (or derivatives thereof), and not judgment or final judgment, when referring to the underlying lawsuit between the injured party and the insured. (*Id.,* at pp. 884, 892.)

While a preferred *conclusion* of an action is by final judgment, in cases where the liability of the insured is admitted and the underlying lawsuit is concluded by the statutory acceptance of an offer (Code Civ. Proc., § 998) followed by a judgment entered thereafter or an injured plaintiff's motion to dismiss with prejudice, the requirements of *Royal Globe* are satisfied.

In both *Doser* and *Nationwide,* the holding of *Royal Globe Ins. Co.* v. *Superior Court, supra,* 23 Cal.3d 880, was solely applied to the factual setting in each respective case. Neither case appears to have interpreted or amplified the holding of *Royal Globe* to limit *all* third party direct actions to final judgments resulting from trial.

Additionally, the factual holdings of *Doser* and *Nationwide* are readily distinguishable from the instant matter. First, the *Doser* court was not faced with an action by a plaintiff pursuant to the Insurance Code Unfair Practice Act. (§ 790.03, subd. (h).) Furthermore, the court was quite concerned with the grossly disproportionate settlement award entered into as well as the validity of the underlying settlement agreement itself. Equally dissimilar to our case, *Nationwide,* dealt with a judgment in excess of the policy limits of the insurance contract, while on the contrary Fireman's had settled within its policy limits. More importantly, an appeal of that action was pending when plaintiff filed an

action for bad faith. Therefore, the earlier action between plaintiff and insured definitely was not concluded.

■ A compromise settlement can be the basis of a final judgment thereby operating as a merger and bar of all preexisting claims and causes of action. (*Gregory* v. *Hamilton* (1978) 77 Cal.App.3d 213, 221 [142 Cal.Rptr. 563]; see also *Folsom* v. *Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 677 [186 Cal.Rptr. 589, 652 P.2d 437]; *Armstrong* v. *Sacramento Valley R. Co.* (1919) 179 Cal. 648, 651 [178 P. 516].) Moreover, for all practical purposes and so far as finality is concerned, we are unable to discern any difference between final judgment resulting from a trial or a final judgment resulting from a settlement.

■ Fireman's Fund, on behalf of its insured, filed and served a statutory offer pursuant to Code of Civil Procedure section 998. Ms. Rodriguez accepted that offer reserving all rights of action she had against Fireman's. However, no judgment was entered. In light of the foregoing analysis, this settlement between Ms. Rodriguez and Fireman's insured for $200,000 did not "conclude" the action within the meaning of *Royal Globe*. Nevertheless, the action did "conclude" when Ms. Rodriguez subsequently dismissed her action with prejudice.[6]

■ "The effect of a dismissal with prejudice is quite different . . . when it is executed and filed in return for a consideration moving from the defendant. Such a dismissal operates as a complete bar to any future action (*Markwell* v. *Swift & Co.,* 126 Cal.App.2d 245 . . . and has the same legal effect as a common law retraxit. (*Ghiringhelli* v. *Riboni,* 95 Cal.App.2d 503, 506 . . .; *Goddard* v. *Security Title Ins. & Guar. Co.,* 14 Cal.2d 47 . . . .) 'A retraxit is equivalent to a verdict and judgment on the merits of the case and is deemed to be a bar to another suit for the same cause between the same parties. . . . *Where the parties to an action settle their dispute and agree to a dismissal, it is a retraxit and amounts to a decision on the merits and as such is a bar to further litigation on the same subject matter between the parties.'* (17 Am.Jur. 162, 163; see also 16 Cal.Jur.2d 146.)" (Italics added.) (*Wouldridge* v. *Burns* (1968) 265 Cal.App.2d 82, 85 [71 Cal.Rptr. 394]; *Sylvester* v. *Soulsburg* (1967) 252 Cal.App.2d 185, 189 [60 Cal.Rptr. 218].)

■ Ms. Rodriguez filed her acceptance of settlement with the clerk of the court, yet there is no recorded entry of judgment. This does not impair her in-

[6]As this is an action for Fireman's alleged bad faith, i.e., coercive actions forcing Ms. Rodriguez to accept the settlement, the settlement itself was arguably voidable. Ms. Rodriguez would therefore be left with a choice of accepting the settlement as is and seeking damages from the alleged third party tortfeasor, as she attempts here, or seek a rescission of the alleged coerced settlement. In the latter, the underlying action between insured and the injured party would not be concluded. (See *Nationwide Insurance Co.* v. *Superior Court, supra,* 128 Cal.App.3d 711.)

tention to finalize the action. A dismissal of an action with prejudice that was entered in the clerk's register as the result of a settlement terminates the action in the same manner as though it were a final judgment. (See *Biggs* v. *Biggs* (1951) 103 Cal.App.2d 741, 742 [230 P.2d 32]) operating as a bar to any new actions. (Code Civ. Proc., § 581, subd. 5; *Ghiringhelli* v. *Riboni* (1950) 95 Cal.App.2d 503, 505 [213 P.2d 17]; *Wouldridge* v. *Burns, supra,* 265 Cal.App.2d at p. 84.)

We turn next to the question of the need to find liability of the insured. (*Nationwide Insurance Co.* v. *Superior Court, supra,* 128 Cal.App.3d at p. 714.)

The underlying purpose of such a finding is to prevent the possibility that the "defense of the insured may be seriously hampered by discovery initiated by the injured claimant against the insurer. [Additionally], damages suffered by the injured party as a result of the insurer's violation of subdivisions (h)(5) and (h)(14) may best be determined after the conclusion of the action by the third party claimant against the insured." (*Royal Globe Ins. Co.* v. *Superior Court, supra,* 23 Cal.3d at p. 892.)

Generally, a settlement will not act as an admission of liability of either the insured or the insurer with respect to any other claim arising from the same accident or event. (Ins. Code, § 11582.) (See *Zalta* v. *Billips* (1978) 81 Cal.App.3d 183, 190 [144 Cal.Rptr. 888].) However, accepting the truth of Ms. Rodriguez' allegation that Fireman's Fund has admitted the liability of its insured (see *Sackett* v. *Wyatt, supra,* 32 Cal.App.3d at p. 601), a specific finding of the insured's liability is therefore unnecessary. Further, the complaint alleges admissions of liability exclusive of the formal denial in Fireman's insured's answer. This becomes a factual issue.

In this case, the insured denied liability for the accident. Furthermore, the settlement agreement cannot be construed as an admission, nor can it be a recognition of liability on the part of Fireman's Fund. However, by demurring to Ms. Rodriguez' complaint in the action against Fireman's, Fireman's Fund admits the specific allegations of its own admissions of its insured's liability. (See *Endler* v. *Schutzbank* (1968) 68 Cal.2d 162, 165 [65 Cal.Rptr. 297, 436 P.2d 297].) Thus, for purposes of resolving the viability of Fireman's demurrer, a specific finding of liability of Fireman's insured was therefore unnecessary.

Secondly, the defense of the insured (which the court in *Royal Globe* addressed itself to) is less in danger from discovery initiated against the insurer inasmuch as a settlement reached and case dismissed with prejudice acts as a retraxit thereby barring further litigation on the same subject matter. (*Wouldridge* v. *Burns, supra,* 265 Cal.App.2d at p. 85.)

Finally, Fireman's Fund argues that a decision in favor of Rodriguez would be contrary to public policy because it would inhibit the use of the statutory offer procedure and thereby discourage settlements in general. It is asserted that every plaintiff would reserve his rights when entering into a settlement. Furthermore, a plaintiff would always file another suit against the defendant's insurer since he would have nothing to lose and could always allege that his tort claim was worth more than the settlement that he accepted. We recognize that possibility as well as the possibility that a defendant's desire for settlement may be blunted if he cannot be sure his file on the case is closed.[7] (*Fisher* v. *Superior Court* (1980) 103 Cal.App.3d 434, 445 [163 Cal.Rptr. 47].) Yet, we are not so naive as to not recognize the equal if not greater possibility of abuse by insurance companies who might entice a settlement by unfair practices, then seek to hide behind the cloak of that settlement. No one should gain an advantage from one's own wrong. (Civ. Code, § 3517.)

▋ As discussed above, the action between Ms. Rodriguez and Fireman's insured for all intents and purposes was concluded. Consistent with that determination, this particular complaint, filed *after* the initial action had concluded, does state a cause of action for bad faith based upon, in part, Insurance Code section 790.03, subdivision (h)(5).

The order sustaining Fireman's demurrer is reversed.

Ashby, J., and Hastings, J., concurred.

The petition of respondent Fireman's Fund Insurance Company for a hearing by the Supreme Court was denied June 15, 1983. Bird, C.J., did not participate therein. Richardson, J., was of the opinion that the petition should be granted.

---

[7]In this instance, Fireman's Fund must have known that the settlement reached was not the end of the matter. Prior to making an actual statutory acceptance of Fireman's offer, Ms. Rodriguez notified Fireman's Fund of her intention to reserve her rights to proceed against it for bad faith. Fireman's made no attempt to withdraw the offer or condition it upon full release of itself and its insured.

After acceptance of the offer, Fireman's requested that a release of all claims be executed prior to depositing her settlement draft. Ms. Rodriguez executed the release but again specifically struck out all language purporting to release Fireman's, its agents or employees.