[Civ. No. 69761. Second Dist., Div. Four. Mar. 15, 1984.]

JUAN HERNANDEZ TRUJILLO, Plaintiff and Appellant, v. YOSEMITE-GREAT FALLS INSURANCE COMPANY, Defendant and Respondent.

**COUNSEL**

Rolf M. Treu for Plaintiff and Appellant.

Joel F. Citron and Joyce Helock for Defendant and Respondent.

**OPINION**

**KINGSLEY, J.**—Plaintiff appeals from a judgment dismissing his action against an insurer for bad faith after sustaining a demurrer to the original complaint without leave to amend.  ▐  We agree that the complaint was clearly demurrable, but cannot say that plaintiff could not, if given the opportunity, supply the allegation necessary to state a cause of action.

Plaintiff claims to have suffered damages in an automobile collision with a driver insured by defendant. He contends that the insurer was guilty of bad faith in insisting on an unduly low settlement figure.

In the case at bench, the parties stipulated that the trial court could take judicial notice of the superior court file in the underlying action against the driver. As did the trial court, we treat the case at bench as though that file had been incorporated in the complaint. So treated, the allegations before us are: the collision; the insurance by defendant; the arbitration and award in favor of other persons suffering damages in the accident in amounts substantially higher than the settlement with plaintiff; the insurer's offer to plaintiff of $9,000; plaintiff's request for a $1,300 advance "to enable him to prosecute the action against the driver"; the insurer's rejection of that demand and an acceptance by plaintiff of the $9,000 out of economic necessity.

Plaintiff here relies on the decision of Division Five of this district in *Rodriguez* v. *Fireman's Fund Insurance Companies, Inc.* (1983) 142 Cal.App.3d 46 [190 Cal.Rptr. 705]. We agree with defendant that that case is distinguishable but conclude that plaintiff may be able to amend his complaint so as to bring this case within *Rodriguez*. In *Rodriguez*, the court held that a bad faith action may be instituted even though the underlying action was finally determined by settlement rather than by trial and findings or verdict and that, by demurring to a complaint that alleged the insurer was aware of the liability of its insured, defendant had, at that stage of the case, admitted the liability of its insured and its duty to attempt to settle in good faith.

In *Rodriguez*, the complaint alleged the policy limits of the policy involved, showing a disparity between the settlement and the policy limits of 20 percent; here we are not told the policy limits. The award in favor of other injured parties does not tell us what the policy provided for this plaintiff, nor the extent of his damages, which need not have been the same policy limits or damages applicable to plaintiff. In addition, the *Rodriguez* court laid great stress, in discussing the policy problems involved in permitting a bad faith suit based on a settlement, on the fact that, in that case, the allegedly inadequate settlement was accompanied by an express reservation of the right to claim more in a bad faith action;[1] no such warning is here pled.

---

[1] The court said: "In this instance, Fireman's Fund must have known that the settlement reached was not the end of the matter. Prior to making an actual statutory acceptance of Fireman's offer, Ms. Rodriguez notified Fireman's Fund of her intention to reserve her rights to proceed against it for bad faith. Fireman's made no attempt to withdraw the offer or condition it upon full release of itself and its insured.

"After acceptance of the offer, Fireman's requested that a release of all claims be executed prior to depositing her settlement draft. Ms. Rodriguez executed the release but again specifically struck out all language purporting to release Fireman's, its agents or employees." (Fn. 7 at pp. 56-57.)

Absent allegation of those factors, which *Rodriguez* clearly made material, the complaint before us fails to state a cause of action and a demurrer to it was properly sustained. However, we cannot say that the omissions could not be corrected by amendment. We hold that plaintiff should have been given a chance to meet the requirements of *Rodriguez*.[2]

The judgment is reversed; the case is remanded with directions to permit plaintiff, if he so elects, to file an amended complaint. Plaintiff shall recover costs on this appeal.

Woods, P. J., and Troost, J.,* concurred.

---

[2]The complaint before us seems to base its claim of bad faith on the refusal to make a $1,300 advance. We know of no duty on an insurer to underwrite an action against its insured and plaintiff could not recover on that theory. However, plaintiff does adequately allege that the offer was intentionally too low and a purpose to take advantage of plaintiff's impecunity; that allegation, if true, would, given an amendment supplying the inadequacies pointed out in the text, support a complaint apart from the $1,300 matter, which is surplusage.

*Assigned by the Chairperson of the Judicial Council.