[No. G001254. Fourth Dist., Div. Three. June 27, 1985.]

TOSHIKO AFUSO, Plaintiff and Appellant, v.
UNITED STATES FIDELITY AND
GUARANTY COMPANY, INC., et al., Defendants and Respondents.

Counsel

Allen & Flatt and Christian W. Wilbert for Plaintiff and Appellant.

Norby & Brodeur and Vincent W. Campbell for Defendants and Respondents.

Opinion

TROTTER, P. J.—Plaintiff appeals from a judgment dismissing her action against an insurer for bad faith after a demurrer to her original complaint was sustained without leave to amend.

Plaintiff Toshiko Afuso filed a complaint against United States Fidelity and Guaranty Company, Inc. (USF&G), and two of its employees, alleging unfair claims settlement practices in violation of Insurance Code section 790.03, subdivision (h)(5).[1] Plaintiff alleged she was injured in a motor vehicle accident on June 10, 1982, which was proximately caused by the negligence of Joseph Roybal, the driver of a vehicle owned by USF&G's insured. Plaintiff further alleged that on September 14, 1983, she accepted USF&G's offer to settle the suit for $40,000. She stated that, pursuant to the settlement, she executed "a release of all claims;"[2] however, "[n]othing contained in said release purported to waive Plaintiff's right to proceed against Defendants . . . for their breach of duty under Insurance Code section 790.03." Plaintiff did not attach a copy of the release to her complaint.

Defendants demurred to the complaint and attached a copy of the release. The trial court sustained the demurrer without leave to amend on the ground the release barred plaintiff's suit for violation of section 790.03.

On appeal, plaintiff contends the trial court erred in sustaining the demurrer to her complaint. Initially, she argues the language of the release

---

[1] All statutory references are to the Insurance Code, unless otherwise provided.

Section 790.03 provides: "The following are hereby defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance.

". . . . . . . . . . . . . . . . . . . . . . . . . .

"(h) Knowingly committing or performing with such frequency as to indicate a general business practice any of the following unfair claims settlement practices:

". . . . . . . . . . . . . . . . . . . . . . . . . .

"(5) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear."

[2] Plaintiff did not allege in her complaint that she had filed a personal injury action. However, one of the letters attached as an exhibit to the complaint referred to her personal injury action against defendants.

does not preclude her from litigating her claim against defendants for their violation of section 790.03. However, we need not address this issue since the release was not properly before the trial court.

■ "A demurrer tests the pleadings alone and not the evidence or other extrinsic matters. Therefore, it lies only where the defects appear on the face of the pleading or are judicially noticed (Code Civ. Proc., §§ 430.30, 430.70). The only issue involved in a demurrer hearing is whether the complaint, as it stands, unconnected with extraneous matters, states a cause of action [citation]." (*SKF Farms* v. *Superior Court* (1984) 153 Cal.App.3d 902, 905 [200 Cal.Rptr. 497].) ■ Defendants here did not request that the trial court take judicial notice of the release. (Evid. Code, § 453.) However, even if they had, judicial notice would not have been proper. ■

■ Although a trial court may properly take judicial notice of the records of any court of record of any state of the United States (Evid. Code, § 452, subd. (d); *Day* v. *Sharp* (1975) 50 Cal.App.3d 904, 914 [123 Cal.Rptr. 918]), there is no indication that the release in this case was part of any court record. Typically, the release in a personal injury suit is not filed with the court. Thus, the trial court here improperly considered the contents of the release.

Both parties agree the cases to be considered on this appeal are *Rodriguez* v. *Fireman's Fund Ins. Co.* (1983) 142 Cal.App.3d 46 [190 Cal.Rptr. 705] and *Trujillo* v. *Yosemite-Great Falls Ins. Co.* (1984) 153 Cal.App.3d 26 [200 Cal.Rptr. 26]. Plaintiff, however, urges this court not to follow *Trujillo*. The *Trujillo* court interpreted *Rodriguez* as requiring a plaintiff to plead ". . . the allegedly inadequate settlement [of the underlying personal injury action] was accompanied by an express reservation of the right to claim more in a bad faith action . . . ." in order to state a cause of action for bad faith against an insurer. (*Trujillo* v. *Yosemite-Great Falls Ins. Co.*, *supra*, 153 Cal.App.3d at p. 28.) ■ However, before reaching the *Trujillo* issue, we must address the threshold question of whether plaintiff's underlying personal injury action was "concluded" for purposes of *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329].

In *Royal Globe Ins. Co.* v. *Superior Court, supra,* 23 Cal.3d at p. 884 the Supreme Court held a third party claimant may sue an insurer for violating section 790.03, subdivision (h), only after the action between the injured party and the insured is "concluded." The court explained the purpose of this requirement as follows: ". . . unless the trial against the insurer is postponed until the liability of the insured is first determined, the defense of the insured may be seriously hampered by discovery initiated by the injured claimant against the insurer. In addition, damages suffered by the

injured party as a result of the insurer's violation of subdivisions (h)(5) and (h)(14) may best be determined after the conclusion of the action by the third party claimant against the insured." (*Id.*, at p. 892.)

*Rodriguez* v. *Fireman's Fund Ins. Co., supra,* 142 Cal.App.3d at p. 48 expanded the concept of the "conclusion" of the action to include acceptance of a statutory offer (Code Civ. Proc., § 998) in addition to a final judgment. In *Rodriguez,* plaintiff accepted the statutory offer from Fireman's but notified Fireman's she was reserving her right to proceed against it and was releasing only its insured from further liability. After voluntarily dismissing her action against the insured with prejudice, she brought suit against Fireman's, alleging it violated section 793.03, subdivision (h). She also alleged at the time she accepted the settlement offer she advised Fireman's she was " 'reserving her right to proceed' " against it for claims she might have for " 'bad faith and tortious conduct' arising in the handling of her claim." (*Id.*, at p. 50.) The trial court sustained Fireman's demurrer to her complaint without leave to amend, holding no action by a third party claimant against an insurer should lie unless a judgment is first entered against the insured. The trial court also held plaintiff's reservation of rights to proceed against Fireman's had no legal effect.

On appeal, the *Rodriguez* court reversed, holding " [w]hile a preferred *conclusion* of an action is by final judgment, in cases where the liability of the insured is admitted and the underlying lawsuit is concluded by the statutory acceptance of an offer (Code Civ. Proc., § 998) followed by a judgment entered thereafter or an injured plaintiff's motion to dismiss with prejudice, the requirements of *Royal Globe* are satisfied." (*Rodriguez* v. *Fireman's Fund Ins. Co., supra,* 142 Cal.App.3d at p. 53.) The court held plaintiff's action was "concluded" when she dismissed it with prejudice. (*Id.*, at p. 54.)

Here, plaintiff alleged settlement of her personal injury claim, accompanied by execution of a release of all claims. In our view, this allegation is sufficient to show her underlying personal injury claim was concluded within the meaning of *Royal Globe. Rodriguez* contained several factors establishing the conclusion of plaintiff's action which are not present here— a statutory offer, an admission of liability by the insured, and a dismissal with prejudice. However, the existence of these factors is not necessary to a finding that a plaintiff favorably concluded her underlying personal injury action. We hold, by pleading a settlement and release, plaintiff has met the minimum requirements for establishing her action was concluded within the meaning of *Royal Globe.*

We next address plaintiff's argument that her failure to plead a reservation of the right to pursue a bad faith action does not render her com-

plaint for unfair claims practices demurrable. The court in *Trujillo* v. *Yo-semite-Great Falls Ins. Co.*, *supra*, 153 Cal.App.3d at pp. 28-29 interpreted *Rodriguez* to authorize a bad faith action against the tortfeasor's insurer after settlement only if the plaintiff had pled an express reservation of her right to pursue such an action. However, in reaching its decision, the *Trujillo* court placed undue emphasis upon a footnote in *Rodriguez* which was intended merely to show that Fireman's ". . . must have known that the settlement reached was not the end of the matter." (*Rodriguez* v. *Fireman's Fund Ins. Co.*, *supra*, 142 Cal.App.3d at p. 56, fn. 7.)

In refusing to follow *Trujillo,* we instead emphasize that portion of *Rodriguez* in which the court recognized the possibility that a decision in plaintiff's favor might encourage the filing of bad faith lawsuits and discourage settlement, but noted it was ". . . not so naive as to not recognize the equal if not greater possibility of abuse by insurance companies who might entice a settlement by unfair practices, then seek to hide behind the cloak of that settlement." (*Rodriguez* v. *Fireman's Fund Ins. Co.*, *supra*, 142 Cal.App.3d at p. 56.) Accordingly, we hold a plaintiff's failure to plead a reservation of her right to pursue a bad faith action does not render her complaint for unfair claims practices demurrable.

The judgment of dismissal is reversed. The case is remanded to the superior court with directions to enter an order overruling the demurrer.

Crosby, J., and Wallin, J., concurred.