[No. B039092. Second Dist., Div. Three. Jan 11, 1990.]

HELEN LIANG PON, Plaintiff and Appellant, v.
FREMONT INDEMNITY COMPANY, Defendant and Respondent.

COUNSEL

Steven J. Weinberg for Plaintiff and Appellant.

Morgan, Lewis & Bockius, Paul A. Richler and Jeffrey N. Brown for Defendant and Respondent.

OPINION

KLEIN, P. J.—Plaintiff and appellant Helen Liang Pon (Pon) appeals the judgment of dismissal entered after the trial court granted summary judgment in favor of defendant and respondent Fremont Indemnity Company (Fremont).

Because Pon's settlement of an appeal taken from a judgment entered in the underlying action did not preclude a final judicial determination of Fremont's insured's liability, the trial court erroneously dismissed Pon's insurance bad faith suit against Fremont pursuant to *Moradi-Shalal* v. *Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287 [250 Cal.Rptr. 116, 758 P.2d 58].

### FACTUAL AND PROCEDURAL BACKGROUND

In the lawsuit underlying this action, Pon sued Kok-Po Ng, Grand Pacific International Ltd. (collectively, Ng), and others for damages arising

out of a real estate transaction. Fremont insured Ng and provided a defense. After a trial, the jury returned a special verdict in favor of Pon and against Ng. The trial court entered judgment accordingly.

Ng appealed the judgment in favor of Pon and while that appeal remained pending, Ng and Pon entered into a "Settlement Agreement" and "General Release" pursuant to which Ng agreed to pay Pon $350,000. Pon executed a "Covenant Not to Sue or Execute" on that portion of the judgment which remained unsatisfied by reason of the difference between the judgment and the amount of the settlement.

On April 5, 1988, Ng filed a voluntary abandonment and dismissal of appeal and Pon filed a partial acknowledgement of satisfaction of judgment regarding the $350,000 received from Ng.

The "Settlement Agreement" provided in part: "This Agreement represents a compromise of disputed claims, and the parties' agreement to the terms hereof shall in no manner be deemed to constitute an admission, express or implied, of liability by any party to any other person or entity, or of any fact, other than the facts set forth [herein] . . . , or an admission of the merits of the position taken by any party hereto with respect to these, or any other, disputes."

On August 22, 1988, Pon filed the instant *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329], action against Fremont, for bad faith and breach of Insurance Code section 790.03, subdivision (h), in its representation of Ng.[1]

Fremont answered and sought summary judgment based on the holding of *Moradi-Shalal* v. *Fireman's Fund Ins. Companies, supra,* 46 Cal.3d 287. The trial court granted the motion and Pon has taken this appeal.

## CONTENTIONS

Pon contends the trial court improperly granted summary judgment in favor of Fremont because the judgment, which was based on the jury's special verdict, constituted a conclusive judicial determination of liability within the meaning of *Moradi-Shalal* which judgment became final upon dismissal of Ng's appeal.

---

[1] All further statutory references are to the Insurance Code, unless otherwise specified.

## DISCUSSION

### 1. *General principles.*

*Royal Globe Ins. Co.* v. *Superior Court, supra,* 23 Cal.3d 880, allowed suits by third parties against insurers for bad faith after the action between the plaintiff and the insured had been concluded. In *Moradi-Shalal,* our Supreme Court overruled *Royal Globe* as to all cases not yet filed. With respect to cases which fall in the window period, the high court stated, "settlement is an insufficient conclusion of the underlying action: there must be a conclusive judicial determination of the insured's liability before the third party can succeed in an action against the insurer under section 790.03." (*Moradi-Shalal* v. *Fireman's Fund Ins. Companies, supra,* 46 Cal.3d at p. 306.)

The question thereafter presented in case after case was what legal and judicial action constitutes a "conclusive judicial determination of the insured's liability." (*Moradi-Shalal, supra,* 46 Cal.3d at p. 306.)

"The court in *Moradi-Shalal* set forth essentially five concerns which it said compelled a rule requiring a judicial predetermination of the insured's liability: (1) the evidentiary problems which would arise if the insured's liability became an issue in the subsequent bad faith action (Evid. Code, §§ 1152, 1155); (2) the strong possibility that evidence of a prior settlement would improperly influence the jury's evaluation of the insured's liability; (3) the embarrassment to the settlement process if the parties had to relitigate the very issue which supposedly had been put to rest by a settlement; (4) the unfair advantage which would accrue to the third party claimant who could retain the settlement proceeds and still prosecute the bad faith claim for additional compensation; and, finally, (5) the risk that unnecessary conflicts would be created between insurer and insured by penalizing the former for choosing to settle the underlying action rather than pursuing it to a final judgment. [Citation.]" (*State Farm Mut. Auto. Ins. Co.* v. *Superior Court* (1989) 211 Cal.App.3d 5, 11 [259 Cal.Rptr. 50].)

### 2. *Application here.*

The settlement agreement between Pon and Ng recites a compromise of a disputed claim and indicates it shall not be deemed an admission of liability. ■ Because such an agreement, standing alone, suffers from each of

the five infirmities itemized by the *Moradi-Shalal* court, it cannot form the basis of a final judgment determination favorable to Pon.

Here, however, the judgment in Pon's favor remained in existence after execution of the settlement. The judgment, not the settlement, provided the basis for Pon's claim of a final favorable disposition. A brief examination of the mechanics of the settlement shows this to be true. Pon obtained a judgment against Ng. Ng appealed from the judgment. During the pendency of the appeal, the parties entered into a settlement agreement by which Ng agreed to abandon and to dismiss the appeal with prejudice and to pay Pon $350,000. Pon agreed not to execute on the unsatisfied portion of the judgment and acknowledged partial satisfaction of the judgment in the amount of Ng's payment.

Thus, the settlement agreement despite its boilerplate disclaimer of liability, resolved only *the appeal* Ng had taken from the judgment. Nothing in the language of the agreement purported to set aside the underlying judgment. The settlement agreement itself contemplated partial satisfaction of the judgment and Pon's promise not to execute on the unsatisfied balance.

Thus, Pon continues to enjoy the benefit of the judgment which is now final by reason of Ng's dismissal of the appeal with prejudice. Nothing in the agreement overrides the parties' intent, evidenced by the procedure employed to effectuate the settlement, that the judgment retain its validity.

That judgment, now partially satisfied, remains in effect and constitutes a final judicial determination of the underlying lawsuit. The judgment, not the settlement agreement, establishes Ng's liability in the instant *Royal Globe* action.

Because of the existence of this final judgment, none of the policy concerns voiced by the *Moradi-Shalal* court will be presented in the litigation of Pon's action against Fremont. No evidence of the settlement will be submitted to the jury in Pon's *Royal Globe* case because the judgment constitutes proof of the termination of the underlying action in Pon's favor. Fremont will not be denied the benefit of its settlement by having to litigate a matter it had compromised, because Ng agreed only to settle the appeal, not the underlying action.

Nor will Pon's *Royal Globe* action constitute an attempt to retain the benefits of the settlement and seek additional compensation under the

rubric of bad faith. The bad faith action is based on the conduct of Fremont which allegedly violated section 790.03, subdivision (h), and not on the aspect of the case which the parties settled, that is, the appeal from the final judicial determination of Ng's liability in Pon's favor. Finally, conflicts of interest over the propriety of settlements will not be spawned because the appeal, not the underlying action, was the subject of the settlement.

One final portion of the *Moradi-Shalal* opinion requires discussion. The *Moradi-Shalal* court compared reported decisions which had reached divergent results on an issue similar to the one presented here. In *Afuso* v. *United States Fid. & Guar. Co.* (1985) 169 Cal.App.3d 859 [215 Cal.Rptr. 490] and *Vega* v. *Western Employers Ins. Co.* (1985) 170 Cal.App.3d 922 [216 Cal.Rptr. 592], *Royal Globe* actions were allowed to proceed based upon a settlement, and a settlement after verdict against the insured while the insured's appeal remained pending, respectively. By contrast, in *Nationwide Ins. Co.* v. *Superior Court* (1982) 128 Cal.App.3d 711, 714 [180 Cal.Rptr. 464], the court held a *Royal Globe* action could not be commenced while the underlying case remained on appeal because such a judgment, although final for res judicata purposes and for appeal, does not establish liability of the insured.

The *Moradi-Shalal* court stated: "We reject the approach of *Afuso* and *Vega*, and adopt the reasoning of *Nationwide, supra,* 126 [*sic,* 128] Cal.App.3d 711, requiring a final judgment determining the insured's liability before the institution of a *Royal Globe* action. This predetermination rule precludes a claimant who has settled his underlying claim against the insure[d] from subsequently suing the insurer for damages for statutory bad faith committed in the process of reaching the settlement." (*Moradi-Shalal* v. *Fireman's Fund Ins. Companies, supra,* 46 Cal.3d at p. 311.)

Unlike the situation in *Nationwide,* Ng's appeal of the judgment in Pon's favor is no longer pending. Ng voluntarily dismissed and abandoned it. The underlying judgment is now final and constitutes a conclusive judicial determination in Pon's favor. Thus, we conclude the trial court improvidently granted summary judgment in Fremont's favor.

## CONCLUSION

The parties here settled only the appeal, not the underlying action. Ng dismissed and abandoned the appeal from the underlying judgment entered after special jury verdict in Pon's favor. At that point, the judgment became

a final and conclusive judicial determination of Ng's liability within the meaning of *Moradi-Shalal* v. *Fireman's Fund Ins. Companies, supra*, 46 Cal.3d at page 313.

### DISPOSITION

The judgment is reversed. Fremont to bear costs on appeal.

Danielson, J., and Arabian, J., concurred.

Respondent's petition for review by the Supreme Court was denied March 29, 1990. Arabian, J., did not participate therein.