Filed 12/16/25  Kuigoua v. The Matthew L. Tuck & Associates CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ARNO PATRICK KUIGOUA, | B344223 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 24STCV12187) |
| v. | |
| THE MATTHEW L. TUCK & ASSOCIATES, PLC et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jon R. Takasugi, Judge.  Reversed.

Arno Patrick Kuigoua, in pro. per., for Plaintiff and Appellant.

O'Hagan Meyer, Angeli C. Aragon, Vickie V. Grasu and Nicole Burgos Romero for Defendants and Respondents.

# INTRODUCTION

A demurrer tests the sufficiency of a pleading. It is not the forum to resolve questions of fact. Here, a plaintiff filed a malpractice action against his former attorneys. The attorney defendants responded by filing a demurrer claiming that the parties attended a pre-litigation mediation at which plaintiff agreed to settle and release all his claims against them. The demurrer attached a copy of the parties' purported settlement agreement. The trial court sustained the demurrer without leave to amend, relying on the defendants' factual representations and evidence to conclude that plaintiff's claims were barred by the release contained in the agreement.

Plaintiff appeals the trial court's orders sustaining the defendants' demurrer and dismissing his claims against them. We reverse, concluding the trial court erred in considering and relying on defendants' extrinsic evidence and factual representations in ruling on the demurrer.

Plaintiff also challenges a subsequent order by the trial court denying a motion to vacate that he filed while this appeal was pending. As plaintiff did not separately appeal the trial court's order denying the motion to vacate, we are without jurisdiction to review it and therefore dismiss that aspect of plaintiff's appeal.

# FACTUAL AND PROCEDURAL BACKGROUND

## I.  *Parties*

The following facts are largely undisputed. Plaintiff and appellant Arno Patrick Kuigoua (Kuigoua) was employed as a registered nurse. Allegations of patient neglect resulted in the termination of Kuigoua's employment and the revocation of his nursing license. Kuigoua retained attorneys Matthew L. Tuck and Aaron Myers of The Matthew L. Tuck &

2

Associates, PLC, law firm (collectively, defendants) to represent him in pursuing a writ of administrative mandate to challenge the termination of his employment.

The writ was unsuccessful. A dispute then arose between Kuigoua and defendants regarding their purported failure to timely appeal the denial of the writ by filing a petition for review with the California Supreme Court. Kuigoua retained attorney John Fleer (Fleer) to represent him in the dispute with defendants, but did not immediately file a lawsuit. Instead, the parties agreed to participate in a virtual pre-litigation mediation with Judge Linda Quinn (Ret.). At the mediation, the parties prepared a memorandum of understanding (MOU) outlining a deal under which Kuigoua agreed to release all claims against defendants and forgo filing a lawsuit against them in exchange for a monetary payment. The MOU provided that defendants would prepare a more expansive, "long-form" settlement agreement and send it to Fleer. Once the long-form agreement was approved and signed by Kuigoua, the MOU gave defendants 30 days to deliver the settlement funds.

The MOU was signed by defendants, defendants' counsel, and Fleer. It was not signed by Kuigoua. Instead, Kuigoua handwrote and signed a separate note stating "I, Arno Kuigoua[,] hereby agree to the memorandum of understanding prepared today in the course of mediation with Judge Linda Quinn. [¶] I will provide a complete signed copy of the full memorandum through my attorney within the next 48 [hours]."

However, Kuigoua never delivered a signed copy of the MOU; the defendants did not prepare a long-form agreement; and no settlement funds were paid. Instead, Kuigoua had a change of heart the day after the mediation and told Fleer that he would no longer agree to the settlement

terms.  Fleer unsuccessfully attempted to persuade Kuigoua to accept the settlement before withdrawing from the case.

II.    *Litigation*

Several months later, Kuigoua, acting in propria persona, filed a complaint against defendants alleging causes of action for legal malpractice, breach of contract, and breach of fiduciary duty.  Kuigoua's claims arose from the allegation that defendants failed to timely petition the California Supreme Court for review of his unsuccessful writ petition, causing him to lose his nursing license and suffer other harms.  Kuigoua's complaint made no mention of the pre-litigation mediation, the MOU, or any purported settlement of his claims against defendants.

In response, the defendants filed a demurrer arguing that Kuigoua's claims against them were barred by the release contained in the MOU. Defendants' supporting memorandum of points and authorities recited the factual history of the mediation, preparation of the MOU, and Kuigoua's handwritten note.  The demurrer was also accompanied by a brief declaration from defendants' counsel, which attached copies of the MOU, the handwritten note, and other documents.  Defendants did not ask the court to take judicial notice of any documents in connection with the demurrer.

Kuigoua opposed the demurrer.  He did not dispute that he signed the handwritten note submitted by defendants.  Instead, he argued the MOU was unenforceable and invalid for several reasons.  Kuigoua argued, among other things, that he was forced to sign the handwritten note under duress, that he never saw the version of the MOU that was attached to defendants' demurrer, and that there was no mutual consent to the terms of the MOU. Kuigoua also argued that defendants breached the MOU by failing to provide

4

him with the settlement funds or the long-form version of the settlement agreement referenced in the MOU.

The trial court sustained defendants' demurrer without leave to amend. The court ruled the factual representations and extrinsic evidence set forth in the demurrer established that the parties reached a valid and enforceable settlement agreement during their pre-litigation mediation. The court noted that Kuigoua failed to allege any facts showing material terms were missing from the MOU or that he did not agree to be bound by the MOU. Accordingly, the court concluded that Kuigoua's claims against the defendants were barred as they "amount[ed] to a re-litigation of the very same issues mediated, and resolved, by the MOU."

The trial court subsequently entered an order dismissing Kuigoua's claims against defendants.

III. *Appeal*

Kuigoua filed a timely appeal seeking review of the trial court's ruling on defendants' demurrer. After filing his notice of appeal, Kuigoua filed a motion in the trial court to vacate the order dismissing defendants. The trial court denied the motion. Kuigoua did not separately appeal from the denial of his motion to vacate.

# DISCUSSION

On appeal, Kuigoua challenges the trial court's orders sustaining the demurrer and denying the motion to vacate. We discuss each ruling separately.

5

I. *Motion to Vacate*

While Kuigoua's appeal was pending, we questioned whether this court had jurisdiction to review the trial court's ruling on Kuigoua's motion to vacate. We offered the parties an opportunity to provide supplemental briefing on this threshold jurisdictional question. (Gov. Code, § 68081.) Having reviewed the parties' supplemental filings, we conclude that we do not have jurisdiction to review the trial court's order denying the motion to vacate.

"'When a party wishes to challenge both a final judgment *and* a postjudgment . . . order, the normal procedure is to file *two separate appeals*: one from the final judgment, and a second from the postjudgment order.'" (*Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 222 (*Torres*).) Kuigoua did not follow that procedure here and did not separately appeal the trial court's order denying the motion to vacate.

There is no question that the court's order denying Kuigoua's motion was an appealable order. (See *Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 927, fn. 6 ["An order denying relief from a judgment under section 473(b) is a separately appealable postjudgment order"].) "'"[I]f a judgment or order is appealable, an aggrieved party must file a *timely* appeal or forever *lose* the opportunity to obtain appellate review."'" (*Silver v. Pacific American Fish Co., Inc.* (2010) 190 Cal.App.4th 688, 693.)

As Kuigoua failed to timely appeal the trial court's order denying the motion to vacate, we have no jurisdiction to review the order and dismiss that portion of the appeal. (See *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56 ["The time for appealing a judgment is jurisdictional; once the deadline expires, the

appellate court has no power to entertain the appeal"]; *Torres, supra,* 154 Cal.App.4th at p. 222 ["'If a notice of appeal is filed late, the reviewing court must dismiss the appeal'"].)

II.     *Demurrer*

        A.     *Legal Standards*

A demurrer tests the legal sufficiency of the challenged pleading. (*Milligan v. Golden Gate Bridge Highway & Transportation Dist.* (2004) 120 Cal.App.4th 1, 5.)  In reviewing an order sustaining a demurrer, we generally ask two questions: "(1) Was the demurrer properly sustained; and (2) Was leave to amend properly denied?"  (*Shaeffer v. Califia Farms, LLC* (2020) 44 Cal.App.5th 1125, 1134.)  "We review the trial court's ruling regarding the first question de novo [citations], and review its ruling regarding the second for an abuse of discretion."  (*Engel v. Pech* (2023) 95 Cal.App.5th 1227, 1235.)

"In reviewing a judgment of dismissal entered upon the sustaining of a demurrer, we accept as true all the material facts properly pleaded and generally do not go beyond the four corners of the complaint, though we may consider matters subject to judicial notice."  (*Pierce v. San Mateo County Sheriff's Dept.* (2014) 232 Cal.App.4th 995, 1002.)  "A demurrer tests the pleadings alone and not the evidence or other extrinsic matters.  Therefore, it lies only where the defects appear on the face of the pleading or are judicially noticed [citations].  The only issue involved in a demurrer hearing is whether the complaint, as it stands, unconnected with extraneous matters, states a cause of action [citation]."  (*SKF Farms v. Superior Court* (1984) 153 Cal.App.3d 902, 905.)

B.    *The Trial Court Erred in Sustaining the Demurrer*

Kuigoua argues the trial court "improperly decided fact-intensive questions of mutual assent, consideration, and scope [of the MOU] at the pleading stage" and that under California law, such questions must instead "be resolved on summary judgment or at trial, not on a demurrer." Defendants have not addressed this argument in their appellate briefing. We agree with Kuigoua that the trial court erred in considering and resolving questions of fact that do not appear within the four corners of the complaint and are not judicially noticeable.

Kuigoua's complaint did not mention the pre-litigation mediation with defendants, the MOU, or the purported settlement and release of his claims. In filing their demurrer, the defendants did not ask the court to take judicial notice of the MOU or Kuigoua's handwritten note.[1] Instead, the documents were attached to a declaration signed by defendants' counsel. The trial court expressly considered this extrinsic evidence in sustaining defendants' demurrer. The trial court also based its decision on the factual representations made in defendants' supporting memorandum that recounted the facts surrounding the pre-litigation mediation and purported settlement.

We conclude that it was improper for the trial court to consider and rely on defendants' extrinsic evidence and factual representations in ruling on the demurrer. (See *Hahn v. Mirda* (2007) 147 Cal.App.4th 740, 747 ["'A demurrer tests the pleadings alone and not the evidence or other extrinsic

---

[1]    Evidence Code sections 451 and 452 set out the categories of material that may be properly subject to judicial notice. The MOU and Kuigoua's handwritten note do not fall into any of these categories. (See *Gould v. Maryland Sound Industries, Inc.* (1995) 31 Cal.App.4th 1137, 1145 ["the existence of a contract between private parties cannot be established by judicial notice under Evidence Code section 452, subdivision (h)"].)

8

matters'"]; *Afuso v. United States Fid. & Guar. Co.* (1985) 169 Cal.App.3d 859, 861–862 [trial court erred in relying on settlement agreement to sustain demurrer where agreement was not pled in complaint or subject of judicial notice];[2] *Gould v. Maryland Sound Industries, Inc., supra,* 31 Cal.App.4th at pp. 1145–1146 [trial court erred in relying on a contract between the parties to sustain demurrer where contract was not asserted in complaint or judicially noticeable]; *Ion Equipment Corp. v. Nelson* (1980) 110 Cal.App.3d 868, 881 [trial court erred by considering facts asserted in defendants' memorandum in ruling on demurrer].)

For this reason, we reverse the trial court's orders sustaining the demurrer and dismissing Kuigoua's claims. As we have concluded the trial court erred in sustaining the demurrer, we need not address the other arguments Kuigoua raised on appeal and decline to do so. We express no opinion as to the validity or enforceability of the MOU or Kuigoua's handwritten note. It may be that Kuigoua's claims against defendants are ultimately barred by the release contained in the MOU. However, that question was not suitable for resolution on demurrer as the existence and terms of the MOU presented factual questions that went beyond the four corners of the complaint and were not subject to judicial notice.

---

[2] Disapproved, in part, on other grounds by *Moradi-Shalal v. Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287.

## DISPOSITION

The trial court's orders sustaining the demurrer without leave to amend and dismissing Kuigoua's claims against defendants are reversed. Kuigoua is awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, P. J.

WE CONCUR:


COLLINS, J.


TAMZARIAN, J.

10