[No. A033026. First Dist., Div. One. Apr. 21, 1987.]

WILLIAM G. BARKER, Plaintiff and Appellant, v.
WILLIAM C. HULL et al., Defendants and Respondents.

**COUNSEL**

Harlan E. Van Wye, Miles Washington and Berkley, Rhodes & Schwartz for Plaintiff and Appellant.

Raymond Coates, Christopher L. Holmes, Catherine A. Yanni, Low, Ball & Lynch, Mark G. Bonino, Luke B. Marsh and Ropers, Majeski, Kohn, Bentley, Wagner & Kane for Defendants and Respondents.

OPINION

NEWSOM, J.—This appeal presents the question of when a final order denying a motion to vacate a default judgment based upon fraud prevents a party from relitigating the issue of fraud in a collateral proceeding.

A default judgment was entered against appellant Barker on December 26, 1975, in an action filed by respondent Hull against Barker and a corporation of which Barker was president. In June 1982, Hull filed an abstract of judgment against Barker as an individual.

In July 1982, Barker filed a motion to set aside the judgment supported by his declaration stating that Barker was told by Hull that the action was not being filed against Barker individually, but in his capacity as an officer of the corporation, in order to allow Hull to obtain a judgment against the corporation so that Hull's losses as a shareholder would qualify for a tax deduction. Points and authorities in support of the motion stated that the motion was based on oral and documentary evidence and argued that extrinsic fraud and mistake prevented Barker from asserting his defenses as a corporate officer. The parties appeared before the court on August 6, 1982, when the matter was continued to August 30. A subsequent declaration of Barker's counsel stated that one purpose of the continuance was to allow the parties to obtain a transcript of the default hearing, at which Barker claimed to have told the court that he consented to the judgment because no personal liability would attach to him. No transcript or reporter's notes existed. On October 10, 1982, the superior court denied the motion to set aside the judgment, reciting in the order that both oral and documentary evidence was considered and that the motion, based on extrinsic fraud or mistake, was denied.

On October 6, 1982, Barker filed the instant action against Hull and his attorney, Branson, for breach of contract, fraud and deceit, intentional infliction of emotional distress, negligence and conspiracy. Each cause of action was premised on respondent's representation that no judgment would be taken against Barker individually. On June 7, 1985, respondent Branson moved for judgment on the pleadings, arguing that Barker was barred by the doctrine of collateral estoppel from relitigating the fraud issue. Respondent Hull joined in Branson's motion.

Each party requested the court to take judicial notice of portions of the file in the previous case. Barker's attorney submitted a declaration referencing the motion to set aside the judgment, the order and the supporting documentation in the prior action. The declaration averred the following: that the matter was heard on the law and motion calendar; that no oral testi-

mony was taken at the hearing; that the parties were given an opportunity to locate the reporter's notes of the default hearing; and that no notes could be located.

At the hearing on Branson's motion for judgment on the pleadings, the trial court took judicial notice of the entire file in the earlier case.[1] This file reveals that Barker was given the opportunity to, and did, depose Hull on the subject of the purported agreement. The court decided that the issue of extrinsic fraud based upon promises to Barker regarding nonliability had been previously determined, granted Branson and Hull's motion, and dismissed the action on August 22, 1985. A notice of appeal was filed October 17, 1985. Our discussion follows.

■ "The motion for judgment on the pleadings performs the function of a general demurrer. Therefore, it ' "admits all material and issuable facts pleaded." ' [Citation.]" (*Baillargeon* v. *Department of Water & Power* (1977) 69 Cal.App.3d 670, 676 [138 Cal.Rptr. 338].) In addition to the facts alleged in the complaint, the court may consider matters which may be judicially noticed, including court records. (*Stencel Aero Engineering Corp* v. *Superior Court* (1976) 56 Cal.App.3d 978, 987, and fn. 6 [128 Cal.Rptr. 691].) ■ The standard of appellate review of a judgment on the pleadings is, therefore, identical to that on a judgment following the sustaining of a demurrer. (*Baillargeon, supra,* 69 Cal.App.3d at p. 675.) We discuss the complaint in light of these principles.

The instant complaint is not a direct attack on the former judgment, but a collateral attempt to obtain damages for actions taken in connection with entry of that judgment. Each of Barker's five causes of action is based upon the alleged representations of Hull and Branson that personal liability would not attach to Barker and that Barker need not obtain counsel. Thus, the first cause of action for breach of an oral contract alleges a promise by the defendants that no personal liability would attach to Barker.

The second cause of action for fraud and deceit is based upon the same misrepresentation. The third cause, for intentional infliction of emotional distress, is based upon filing of the abstract of judgment in breach of the same oral agreement. The fourth cause of action for negligence alleges negligent drafting of the default judgment in breach of the same oral agreement. The fifth cause of action for conspiracy is based on the same oral representation.

---

[1] The trial court stated, "I have had my researchers and myself search the records to see if there is some reasoning given and simply [*sic*] is a statement that it is denied on the grounds of no showing of extrinsic fraud." It is appropriate to consider the whole file and although no one requested this, no one objected. Accordingly, pursuant to Evidence Code section 459 we also take judicial notice of the file in the earlier case.

The key fact in each cause of action is the existence of the oral promise to Barker.

■ "A second action between the same parties on a *different cause of action* is not precluded by a former judgment. . . . But the first judgment 'operates as an *estoppel or conclusive adjudication* as to such issues in the second action as were *actually litigated and determined in the first action.*' [Citation.]" (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 253, p. 691, italics in original.) ■ Barker relies mainly on three cases in support of his argument that his prior motion to vacate the default judgment does not preclude relitigation of the issues raised unless a full adversarial hearing was held in the first instance. We examine those cases.

In *Darlington* v. *Basalt Rock Co.* (1961) 188 Cal.App.2d 706 [10 Cal.Rptr. 556], the court considered an independent action to set aside an order approving a compromise which followed denial of a motion to vacate the order. The issues raised in each challenge to the order were identical. (*Id.,* at pp. 706-707.) After examining the transcript of the motion hearing, the court determined that the independent action was barred because the judge in the first case had not restricted the evidence to written declarations, but had urged counsel to present all evidence. (*Id.,* at pp. 709-710.) "[D]etailed presentation of the issues of fraud and mistake on a motion to vacate, with full opportunity at hearing to develop the issues by oral testimony, may bar a subsequent action to set aside the order attacked by the earlier motion." (*Id.,* at p. 710.)

*Rose* v. *Fuqua* (1962) 200 Cal.App.2d 719 [19 Cal.Rptr. 634] noted that the remedies for relief from a judgment are cumulative and found a prior decision on a Code of Civil Procedure section 473 motion (which was affirmed on appeal) was no bar to an independent action to set aside a judgment when the record showed only that the motion was heard on affidavits. (*Id.,* at p. 724.)

In the recent case of *Lederer* v. *Rohrbasser* (1986) 179 Cal.App.3d 290 [224 Cal.Rptr. 791], a divided court determined that a prior motion to vacate did not bar a party's subsequent cross-complaint which raised the same extrinsic fraud claim where there was no "detailed presentation of the issues of fraud or mistake on his motion to vacate" and the party was not given a full opportunity to present oral evidence at the earlier hearing. (*Id.,* at p. 298.) The court stated that there need be no request for oral testimony, nor need it be shown that such testimony was denied or limited by the trial court. (*Id.,* at p. 299.) Because the record showed only that the motion was heard on affidavits, the *Lederer* court could find no detailed presentation of

the issues or full opportunity to develop the issues through oral testimony. (*Id.,* at p. 300.)

We read these cases as requiring the party asserting collateral estoppel to prove that the issue was fully presented to the court below and finally determined. The troublesome question arises in determining what constitutes a full opportunity to present the issue. The Restatement Second of Judgments provides: "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." (Rest.2d Judgments, § 27, p. 250.)

In defining the term "actually litigated," the Restatement explains: "When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated within the meaning of this Section. An issue may be submitted and determined on a motion to dismiss for failure to state a claim, a motion for judgment on the pleadings, a motion for summary judgment . . . a motion for directed verdict, or their equivalents, as well as on a judgment entered on a verdict. A determination may be based on a failure of pleading or of proof as well as on the sustaining of the burden of proof." (*Id.,* com. d., at p. 255; accord, *People* v. *Sims* (1982) 32 Cal.3d 468, 484-485 [186 Cal.Rptr. 77, 651 P.2d 321].) The Restatement distinguishes a failure of proof from a deliberate decision not to raise an issue. (*Id.,* at pp. 255-257.)

Thus, the Restatement supports the conclusions in *Darlington, Rose,* and *Lederer, supra,* that the party asserting a collateral estoppel must prove that the issue was raised, actually submitted for determination and determined. A mere showing that affidavits were submitted may not be sufficient to carry the burden of proving that the issue was actually litigated. Denial of a motion does not establish an estoppel if the basis for the denial cannot be determined. (*Henn* v. *Henn* (1980) 26 Cal.3d 323, 332 [161 Cal.Rptr. 502, 605 P.2d 10].) We do not believe, however, that this means in every case that an exhaustive adversarial hearing must be held on a motion to vacate in order to preclude relitigation of an issue. Rather, we think the appropriate principle is that, while the party urging the estoppel must prove that the issue was actually litigated and that evidence was not *restricted,* he need not establish that any particular type of evidence, such as oral testimony, was presented. (See, e.g., *Sarten* v. *Pomatto* (1961) 192 Cal.App.2d 288, 300 [13 Cal.Rptr. 588] [no evidence presented that proof had been restricted in the prior case; counsel declined to present evidence]; *Flood* v. *Simpson* (1975) 45 Cal.App.3d 644 [119 Cal.Rptr. 675] [issue argued on appeal of denial of motion to vacate and decided point by point by appellate court bars relitigation of issues decided].)

Turning to the record in this appeal, we note that, in addition to the pleadings and the order, motion, declaration of Barker and points and authorities from the previous case, the court took judicial notice of the file in the previous case. Neither party objected, and judicial notice of the prior file was appropriate. (See, e.g., *Pietro* v. *Pietro* (1957) 147 Cal.App.2d 788, 790 [305 P.2d 916] [court's examination of previous file appropriate where it was a specifically identified reference in the complaint and no objection was made].) Previous counsel for Barker submitted a declaration stating that no oral testimony was taken during the hearing on the motion to vacate, but that the court continued the matter to allow the parties to obtain a transcript of the default hearing. Counsel for Branson objected only to the "conclusionary" portions of the declaration and did not move to strike.

Although generally a demurrer (or motion for judgment on the pleadings) may not be based on declarations, some cases have allowed consideration of statements made by the party who drafted the challenged pleading. (*Able* v. *Van Der Zee* (1967) 256 Cal.App.2d 728, 734 [64 Cal.Rptr. 481].) Other cases allow such consideration only when the facts are not subject to dispute. (*Cruz* v. *County of Los Angeles* (1985) 173 Cal.App.3d 1131, 1134 [219 Cal.Rptr. 661].) Thus, even if the court disregarded the statement as to the lack of oral testimony because it conflicted with the language in the previous court's order denying the motion to vacate, we may accept the statement for purposes of this appeal, as it is undisputed and supported by documents in the court's file.

Pursuant to Evidence Code section 459, we have also taken judicial notice of the file in the prior action, and note an order of that court continuing the motion to allow Barker to take Hull's deposition for the purpose of ascertaining the existence and terms of an agreement regarding entry of the default. This evidence supports the conclusion that evidence on the issue of the alleged misrepresentation was not restricted. Barker's original points and authorities show that the motion to vacate was based solely on the alleged representation regarding Barker's freedom from personal liability and the advice not to obtain counsel. Barker makes no claim as to the existence of any new evidence. In addition, the original complaint against Barker stated that, as an individual, Barker obtained and guaranteed loans and pledged his personal assets as collateral; thus, Barker had notice that personal liability was alleged in the complaint.

We conclude that the trial court had sufficient undisputed facts before it, which were appropriate subjects of judicial notice, to support the conclusion that the issues involved were identical and that Barker fully presented the issue in the prior case, was given the opportunity to obtain all available evidence, and that the issue was, therefore, actually litigated and determined in the prior action.

The judgment on the pleadings is affirmed.

Racanelli, P. J., and Elkington, J., concurred.

A petition for a rehearing was denied May 21, 1987, and appellant's petition for review by the Supreme Court was denied August 12, 1987.