[No. B027331. Second Dist., Div. Two. Nov. 23, 1988.]

ELFIE WADE, Plaintiff and Appellant, v.
20th CENTURY INSURANCE COMPANY et al., Defendants and
Respondents.

**COUNSEL**

Staitman & Snyder and I. Donald Weissman for Plaintiff and Appellant.

Demler, Armstrong & Rowland and Thomas J. Moses for Defendants and Respondents.

**OPINION**

**FUKUTO, J.**—Plaintiff, Elfie Wade, appeals from a judgment of dismissal entered after a demurrer to her complaint was sustained without leave to amend.

Plaintiff's complaint sought both compensatory and punitive damages against 20th Century Insurance Company for its allegedly unfair settlement practices, in violation of Insurance Code section 790.03, subdivision (h), and against Bollington, Stilz & Bloeser, counsel for 20th Century during the settlement negotiations, for conspiracy.

■■■■ Assuming the truth of plaintiff's allegations,[1] on July 27, 1984, plaintiff was involved in a motor vehicle accident allegedly caused by Michael Terrones, 20th Century's insured. On August 10, 1984, plaintiff filed a claim against Terrones with 20th Century. The claim, although originally accepted by 20th Century, was eventually denied some eight months later, prompting plaintiff to file suit against Terrones.

On July 22, 1986, pursuant to Code of Civil Procedure section 998, 20th Century offered plaintiff $16,000 in settlement of her claim against its insured. On August 14, 1986, plaintiff filed a "Notice of Acceptance of Offer to Compromise" with the superior court containing the following language: "NOTICE IS HEREBY GIVEN that Plaintiff . . . accepts the offer made by Defendant to have judgment taken against Defendant and for Plaintiff . . . in the above-entitled action for the sum of $16,000.00, new money, with each party to bear his own costs and attorneys' fees." Thereafter, plaintiff's counsel prepared an "Acknowledgement of Satisfaction of Judgment" which was forwarded to 20th Century's counsel for filing with the superior court.

On November 13, 1986, plaintiff instituted a third-party *Royal Globe*[2] action against 20th Century seeking recovery for violation of provisions of section 790.03, subdivision (h) of the Insurance Code. Plaintiff alleged that 20th Century's course of conduct in defending its insured and negotiating settlement on his behalf was for the sole purpose of delaying settlement of the case. Plaintiff also named as a defendant Bollington, Stilz & Bloeser, the law firm which had handled the settlement negotiations on behalf of 20th Century, alleging a conspiracy on the part of the defendants to deprive plaintiff of the reasonable settlement value of her case.

Defendants' demurrer was sustained without leave to amend. The court determined that no action by a third-party claimant against an insurer should lie unless there had first been secured a final determination of the insured's liability in the underlying claim. It felt that where the underlying case is concluded by the statutory acceptance of an offer (Code Civ. Proc.,

---

[1] On appeal from a demurrer, the appellate court must assume plaintiff's allegations to be true. (*Sackett* v. *Wyatt* (1973) 32 Cal.App.3d 592, 601 [108 Cal.Rptr. 219].)

[2] *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329].

§ 998) followed by a judgment entered thereafter, the requirements of *Royal Globe* were not satisfied.

Plaintiff appealed, contending she was not required to allege a prior determination of liability adverse to the insured as a prerequisite to filing a *Royal Globe* action. Plaintiff also contended that even if required to allege such a prerequisite, her complaint contained an allegation that the insurer had, prior to the filing of the *Royal Globe* action, admitted its insured's liability, thus relieving plaintiff of the necessity of alleging the existence of a final judgment determining the insured's liability. ▮ Alternatively, plaintiff asserted that since the underlying claim had been settled by her acceptance of a statutory offer (Code Civ. Proc., § 998), she had secured a judgment on the merits, including a final judicial determination of the insured's liability.

▮ In August 1988, *Moradi-Shalal* v. *Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287 [250 Cal.Rptr. 116, 758 P.2d 58], was decided, the effect of which is to eliminate third-party *Royal Globe* actions under California Insurance Code section 790.03, subdivision (h). The court, holding that the decision is to be applied prospectively, set forth certain principles to govern recovery in pending cases. "For purposes of . . . pending *Royal Globe* actions which are not affected by the decision here, we must now decide whether settlement of the third party's underlying claim against the insured 'concludes' the action within the meaning of *Royal Globe,* so that after settling the underlying claim a claimant can bring a subsequent suit against the insurer under section 790.03, subdivision (h). We will hold, for these pending cases, that settlement is an insufficient conclusion of the underlying action: there must be a conclusive judicial determination of the insured's liability before the third party can succeed in an action against the insurer under section 790.03." (46 Cal.3d at pp. 305-306.) The court also held that allegations contained within a complaint that the insurer had, prior to the filing of the *Royal Globe* action, admitted its insured's liability, would not satisfy the requirement of an allegation of a predetermination of the insured's liability. (*Id.* at p. 310.)

On August 25, 1988, we requested counsel to submit letter briefs analyzing the impact of the *Moradi-Shalal* decision upon the disposition of the instant appeal. ▮ Plaintiff concedes *Moradi-Shalal* has disposed of the first two issues, but asserts that the third issue remains viable. Plaintiff, relying on *Rodriguez* v. *Fireman's Fund Ins. Co.* (1983) 142 Cal.App.3d 46 [190 Cal.Rptr. 705], contends that a judgment obtained as the result of the acceptance of a statutory offer to compromise is identical to a judgment obtained following a full trial on the merits. This being so, plaintiff asserts she has obtained a final judgment determining 20th Century's insured's

liability, and thus should be allowed to maintain her *Royal Globe* action. In *Rodriguez,* an insurer, on behalf of its insured, filed and served a statutory offer pursuant to Code of Civil Procedure section 998. Plaintiff accepted the offer, dismissed the underlying action with prejudice, and thereafter filed suit against the insurer for violation of Insurance Code section 790.03, subdivision (h). (142 Cal.App.3d at p. 54.) Her *Royal Globe* complaint contained an allegation that the insurer had admitted its insured's liability, and that the underlying claim had been settled as the result of plaintiff's acceptance of a statutory offer to compromise pursuant to Code of Civil Procedure section 998. (142 Cal.App.3d at pp. 49, 55.) The *Rodriguez* court recognized that under *Nationwide Ins. Co. v. Superior Court* (1982) 128 Cal.App.3d 711 [180 Cal.Rptr. 464], and *Doser v. Middlesex Mutual Ins. Co.* (1980) 101 Cal.App.3d 883 [162 Cal.Rptr. 115], a plaintiff must plead both a conclusion of the dispute between the injured party and the insured, and a final determination of the insured's liability as conditions precedent to commencement of a section 790.03 action. The court, constraining those cases to their factual situations, concluded that where the liability of the insured is admitted, *and* the underlying lawsuit is concluded by the statutory acceptance of an offer to compromise, followed by plaintiff's dismissal with prejudice of the action, the requirements of *Royal Globe* are satisfied. (*Rodriguez v. Fireman's Fund Ins. Co., supra,* 142 Cal.App.3d at p. 53.)

Unlike the plaintiff in *Rodriguez,* plaintiff here did not dismiss with prejudice the underlying claim following her acceptance of the statutory offer to compromise. As a result, plaintiff contends she has a final judgment, the effect of which is to conclusively determine the issue of liability adversely to the insured. Plaintiff reasons, in essence, that 20th Century is, therefore, collaterally estopped from contending that its insured was not liable for plaintiff's injuries in the underlying accident. In support of her position, plaintiff points to the following language contained in *Rodriguez*: "A compromise settlement can be the basis of a final judgment thereby operating as a merger and bar of all preexisting claims and causes of action. (*Gregory v. Hamilton* (1978) 77 Cal.App.3d 213, 221 [142 Cal.Rptr. 563]; see also *Folsom v. Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 677 [186 Cal.Rptr. 589, 652 P.2d 437]; *Armstrong v. Sacramento Valley R. Co.* (1919) 179 Cal. 648, 651 [178 P. 516].) Moreover, for all practical purposes and so far as finality is concerned, we are unable to discern any difference between final judgment resulting from a trial or a final judgment resulting from a settlement." (*Rodriguez v. Fireman's Fund Ins. Co., supra,* 142 Cal.App.3d at p. 54.) This language cannot be read to support plaintiff's position. The issue being discussed was whether the third party claimant's action against the insured had been concluded, i.e., finalized, within the meaning of *Royal Globe*. The *Rodriguez* court, citing three cases which did not involve statutory offers to compromise, merely held that a judgment, no

matter how obtained, concluded the matter, and acted to bar any preexisting claim. The court did not hold that the issue of the insured's liability had been determined as a result of the entry of judgment.

Code of Civil Procedure section 998, subdivision (b) provides that prior to commencement of trial any party to the action may "serve an offer in writing upon any other party to allow judgment to be taken in accordance with the terms and conditions stated at that time." If accepted, the offer, with proof of acceptance, is filed, and the clerk or judge must enter judgment accordingly. The statute provides: "Any judgment entered pursuant to this section shall be deemed to be a compromise settlement." (Code Civ. Proc., § 998, subd. (f).) ██ ██ " 'Compromise' connotes mutual concessions; it reflects the settling parties' temporal resolution of the risks of suit as between them. A compromise agreement does not as such constitute an adjudication of either liability or damages. [Citations.]" (*Milicevich* v. *Sacramento Medical Center* (1984) 155 Cal.App.3d 997, 1004 [202 Cal.Rptr. 484].) The language "compromise settlement" makes it clear that the element of litigated issues is absent. (*Ibid.*) Since any judgment plaintiff could obtain[3] would occur only as the result of the acceptance of a statutory offer to compromise, we conclude that she is unable to allege a predetermination of the insured's liability. Plaintiff's inability to make such an allegation is fatal to her *Royal Globe* action.

██ We are also of the opinion the demurrer to plaintiff's second cause of action for conspiracy directed against both 20th Century and the law firm that handled the negotiations with plaintiff was also properly sustained without leave to amend. Prior to *Moradi-Shalal,* it was held that attorneys may be liable if they participate in concert with the insurer in violating the provisions of Insurance Code section 790.03. (*Wolfrich Corp.* v. *United Services Automobile Assn.* (1983) 149 Cal.App.3d 1206 [197 Cal.Rptr. 446].) We assume that for pending cases, the rule remains unchanged. ██ However, to state a cause of action for conspiracy, the complaint must "allege: (1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting." (*Unruh* v. *Truck Insurance Exchange* (1972) 7 Cal.3d 616, 631 [102 Cal.Rptr. 815, 498 P.2d 1063].) ██ Because we have concluded plaintiff here has failed to allege a predetermination of liability on the part of the insured, no duty on the part of the insurer has been established, and no wrongful act or acts have been alleged. A civil conspiracy does not per se give rise to a cause of action unless a civil wrong has been committed resulting in damages. (*Ibid.*) A conspiracy is not actionable by itself.

---

[3] The record on appeal does not reflect that a judgment was entered.

 Finally, plaintiff contends that the court erred in failing to allow her to amend her complaint to correct any defects therein. Ordinarily it is an abuse of discretion to sustain a general demurrer to a complaint without leave to amend if there is a reasonable possibility that the defect in the complaint can be cured by amendment. (*Harman* v. *City and County of San Francisco* (1972) 7 Cal.3d 150, 157 [101 Cal.Rptr. 880, 496 P.2d 1248].) However, the burden is on the plaintiff to demonstrate that the trial court abused its discretion. (*Goodman* v. *Kennedy* (1976) 18 Cal.3d 335, 349 [134 Cal.Rptr. 375, 556 P.2d 737].) Plaintiff must show in what manner she can amend her complaint and how that amendment will change the legal effect of her pleading. (*Profiles Structures, Inc.* v. *Long Beach Bldg. Material Co.* (1986) 181 Cal.App.3d 437, 444 [226 Cal.Rptr. 192].) In light of the *Moradi-Shalal* decision, we do not believe plaintiff can meet this standard. We find no abuse of discretion.

The judgment is affirmed.

Compton, Acting P. J., and Gates, J., concurred.