[No. B039069. Second Dist., Div. Three. May 31, 1989.]

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
SAUL ORTEGA et al., Real Parties in Interest.

**COUNSEL**

Hill, Genson, Even, Crandall & Wade, Edmond D. Wade, Edwin B. Brown and Douglas A. Greer for Petitioner.

No appearance for Respondent and for Real Parties in Interest.

**OPINION**

**CROSKEY, J.**—By this petition, State Farm Mutual Automobile Insurance Company (State Farm) asks us to direct the trial court to enter its order granting State Farm's motion for judgment on the pleadings in a bad faith action brought by the real parties in interest Saul Ortega (Saul) and Ruben Ortega (Ruben; collectively plaintiffs) pursuant to Insurance Code section 790.03, subdivision (h).

Plaintiffs obtained a judgment under Code of Civil Procedure section 1141.23 against State Farm's insureds, following a judicial arbitration proceeding and an award from which no party sought a trial de novo. We will hold that such a judgment meets the requirement of a "conclusive judicial determination" of the liability of State Farm's insureds. Plaintiffs are therefore entitled to proceed with their bad faith action and the writ must be denied.

### FACTUAL AND PROCEDURAL BACKGROUND

This action arises from an automobile accident which occurred on January 17, 1981, in Orange County. Plaintiffs sustained injuries when their vehicle was struck by another owned and operated by State Farm's insureds. On November 5, 1981, plaintiffs filed an action in the Superior Court for the County of Orange (the "underlying action") to recover damages for their injuries. State Farm provided a defense for their insureds who were the named defendants.

The underlying action was ordered into judicial arbitration pursuant to Code of Civil Procedure section 1141.10 et seq. Following a hearing at which both sides presented evidence, the arbitrator found for plaintiffs and, on September 30, 1982, awarded Saul $4,500 and Ruben $4,250. Neither side requested a trial de novo and, on October 22, 1982, a judgment in the underlying action was entered in favor of Saul and Ruben and against State Farm's insureds in the amounts set forth in the award of the arbitrator.[1]

Thereafter, plaintiffs filed the pending action against State Farm seeking damages for alleged violations by State Farm of various provisions of Insurance Code section 790.03, subdivision (h).

While this case was pending, the Supreme Court, on August 18, 1988, issued its decision in *Moradi-Shalal* v. *Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287 [250 Cal.Rptr. 116, 758 P.2d 58] (*Moradi-Shalal*). Relying upon that decision, State Farm filed a motion for judgment on the pleadings contending that plaintiffs did not have standing to file a third party action for damages under Insurance Code section 790.03, subdivision (h), as there had been no conclusive judicial determination of its insured's liability in the underlying action. That motion was denied on November 4, 1988, and State Farm initiated these writ proceedings.

## ISSUE PRESENTED

The issue raised by State Farm's writ petition is simple and straightforward. Does an award made in a judicial arbitration proceeding and entered as a judgment against State Farm's insureds, pursuant to Code of Civil Procedure section 1141.23,[2] constitute a conclusive judicial determination of such insureds' liability within the meaning of *Moradi-Shalal?*

## DISCUSSION

We deal here only with the procedural question of whether plaintiffs can proceed with their action against State Farm for the alleged violation of one or more of the subsections of Insurance Code section 790.03, subdivision

---

[1] The record does not disclose whether this judgment has been satisfied. It is not disputed, however, that it is final.

[2] Section 1141.23 provides as follows: "The arbitration award shall be in writing, signed by the arbitrator and filed in the court in which the action is pending. If there is no request for a de novo trial and the award is not vacated, the award shall be entered in the judgment book in the amount of the award. *Such award shall have the same force and effect as a judgment in any civil action* or proceeding, except that it is not subject to appeal and it may not be attacked or set aside except as provided by Section 473, 1286.2, or Judicial Council rule." (Italics added.)

(h). We do not concern ourselves with the merits of plaintiffs' complaint and therefore do not discuss the details of the manner in which State Farm handled plaintiffs' third party claims.

State Farm contends that plaintiffs have no standing to pursue their bad faith action because the liability of its insureds has not been judicially determined. ■ In *Moradi-Shalal,* the Supreme Court overruled its prior decision in *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329] (*Royal Globe*) and held that "Neither [Insurance Code] section 790.03 nor section 790.09 was intended to create a private civil cause of action against an insurer that commits one of the various acts listed in section 790.03, subdivision (h)." (*Moradi-Shalal, supra,* 46 Cal.3d at p. 304.) ■ However, as to any bad faith action pending as of the date its decision became final, the court also held that "there must be a conclusive judicial determination of the insured's liability before the third party can succeed" in such action. (*Id.* at p. 306.) Thus, the court concluded, "an injured claimant has a right of recovery under [Insurance Code section 790.03, subdivision (h)] only upon proof that the insured was actually liable to the third party claimant. If the insured is not liable for the claimant's injury, the claimant has no right to damages from the insured, and the claimant cannot be permitted to recover for 'unfair conduct' by the insurer in refusing to settle an underlying unmeritorious claim." (*Id.* at p. 308.)

*Moradi-Shalal* further adopted the reasoning of the court in *Nationwide Ins. Co.* v. *Superior Court* (1982) 128 Cal.App.3d 711, 714 [180 Cal.Rptr. 464], which had construed *Royal Globe*'s holding that a bad faith claim could "not be brought until the action between the injured party and the insured is concluded" (*Royal Globe, supra,* 23 Cal.3d at p. 884) to mean that "the injured third party may not institute [an Insurance Code section 790.03] action until a judgment establishing the liability of the insured has been secured."[3] Thus, *Moradi-Shalal* held that "the insured's liability must be *judicially determined* before a *Royal Globe* action can be brought." (*Moradi-Shalal, supra,* 46 Cal.3d at p. 313, italics added.)

While *Moradi-Shalal* made it clear that a mere settlement and dismissal of a claimant's action was not a sufficient judicial determination, the court did not resolve the issue of whether a judgment entered after something less

---

[3] Specifically, the court said, "In view of its reasoning, the court's language in *Royal Globe* 'until the liability of the insured is first determined' and 'after the conclusion of the action by the third party claimant against the insured' could only have had reference to a final determination and conclusion, a final judgment." (*Nationwide Ins. Co.* v. *Superior Court, supra,* 128 Cal.App.3d at p. 714.)

than a fully litigated trial would be sufficient. For example, what of a judgment entered after acceptance of an offer made pursuant to Code of Civil Procedure section 998, or of a judgment based upon an express written stipulation? Some appellate courts have attempted to answer these questions.

In *Wade* v. *20th Century Ins. Co.* (1988) 206 Cal.App.3d 32 [253 Cal.Rptr. 361], the court held that a judgment obtained pursuant to the acceptance of a statutory offer under Code of Civil Procedure section 998 did not satisfy the requirement of a judicial predetermination.[4] At least two reported decisions have addressed the issue of the stipulated judgment. However, neither may now be cited or relied upon. (Cal. Rules of Court, rule 976(c)(2) & (d).)[5] In the case before us, we have a judgment which has resulted from an award made in a judicial arbitration proceeding.

The court in *Moradi-Shalal* set forth essentially five concerns which it said compelled a rule requiring a judicial predetermination of the insured's liability: (1) the evidentiary problems which would arise if the insured's liability became an issue in the subsequent bad faith action (Evid. Code, §§ 1152, 1155); (2) the strong possibility that evidence of a prior settlement would improperly influence the jury's evaluation of the insured's liability; (3) the embarrassment to the settlement process if the parties had to relitigate the very issue which supposedly had been put to rest by a settlement; (4) the unfair advantage which would accrue to the third party claimant who could retain the settlement proceeds and still prosecute the bad faith claim for additional compensation; and, finally, (5) the risk that unnecessary conflicts would be created between insurer and insured by penalizing the former for choosing to settle the underlying action rather than pursuing it to a final judgment. (*Moradi-Shalal, supra,* 46 Cal.3d at pp. 311-312.)

 Contrary to State Farm's argument, a strong case can be made that these same problems are not posed by an award judgment entered following a judicial arbitration. The issue of the insured's liability has in fact

---

[4] This conclusion properly flows from the language of Code of Civil Procedure section 998, subdivision (f), which provides in pertinent part: "Any judgment entered pursuant to this section shall be deemed to be *a compromise settlement.*" (Italics added.) A compromise agreement as such does not constitute an adjudication of either liability or damages. The use of the term compromise settlement in section 998 " 'makes it clear that the element of litigated issues . . . is absent, and that the judgment cannot be used as a collateral estoppel . . . .' " (*Milicevich* v. *Sacramento Medical Center* (1984) 155 Cal.App.3d 997, 1004 [202 Cal.Rptr. 484], quoting from 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 215, p. 3351.)

[5] *Liu* v. *Interinsurance Exchange* (Cal.App.) B023217 was ordered not to be published by the Supreme Court on March 2, 1989; review was granted on April 20, 1989 (S009200), in *Salas* v. *Nationwide Mutual Ins. Co.* (1989) 207 Cal.App.3d 542 [254 Cal.Rptr. 900].

been litigated to a conclusion. If a timely request for a trial de novo is not filed, then an award, having "the same force and effect as a judgment in any civil action," is entered. In a subsequent bad faith action there would be no need to relitigate the issues necessarily resolved by such judgment.[6] Thus, it can be argued, the concerns expressed in *Moradi-Shalal* are substantially put to rest.[7] With entry of a judgment under Code of Civil Procedure section 1141.23, there has in fact been a judicial determination of the liability issue.

State Farm contends otherwise by arguing at some length two related propositions. State Farm urges first that a judgment based upon a judicial arbitration award is not a judicial determination at all; second, it claims that such a judgment is really in the nature of a stipulated judgment (i.e., the parties, by refraining from electing a trial de novo have, at least implicitly, "agreed to a settlement" of the case on the basis of the award) and, in State Farm's view, a stipulated judgment can not constitute a judicial determination of the insured's liability. For the reasons discussed below, we disagree with both contentions.

1. *A Judgment Based Upon a Judicial Arbitration Award Is a Judicial Determination Which Can Have Collateral Estoppel Effect*

In support of its first point State Farm offers two arguments. Relying on *Lyons* v. *Wickhorst* (1986) 42 Cal.3d 911 [231 Cal.Rptr. 738, 727 P.2d 1019],[8] State Farm urges that an arbitration is not a judicial proceeding and therefore any determination which flows from it cannot constitute a "judicial" determination. We disagree. In order to hold that a judgment entered upon an arbitration award did not judicially conclude those issues necessari-

---

[6] "There is no question the Legislature [by enacting Code Civ. Proc., § 1141.23] intended the award, once final, to be a binding resolution of the particular cause of action. Code of Civil Procedure section 1141.23 provides that a final award shall have 'the same force and effect as a judgment in any civil action or proceeding,' except that it shall not be subject to appeal and generally may not be attacked or set aside. Accordingly, a final judicial arbitration award, if clear and unambiguous, is res judicata in any subsequent proceeding on the same cause of action." (*Flynn* v. *Gorton* (1989) 207 Cal.App.3d 1550, 1555 [255 Cal.Rptr. 768].)

[7] Although, arguably, some insurer-insured conflict may inevitably exist on the question of whether or not to seek a trial de novo, such conflict does not appear to be substantially different from that which is present in any other dispositive judicial event.

[8] In *Lyons* v. *Wickhorst, supra,* 42 Cal.3d 911, the Supreme Court reversed the dismissal of an action for the plaintiff's repeated refusal to participate in mandatory judicial arbitration proceedings. The court expressed the view that a dismissal for such a reason was too drastic "in light of the fact that arbitration was not intended to supplant traditional trial proceedings, but to expedite the resolution of small civil claims." (*Id.* at p. 919.) This case is of limited use to us. While it makes the point that arbitration is different from a formal trial it nonetheless recognizes that a *resolution* of civil claims, such as those presented in this matter, can result from such proceedings. It thus begs the question, which we here address, regarding the nature and effect of that resolution.

ly resolved by the arbitrator's decision, we would have to ignore the express language of Code of Civil Procedure section 1141.23. Had State Farm desired that the award given to plaintiffs by the judicial arbitrator not ripen into a formal civil judgment, with all of its attendant consequences, it needed only to cause its insureds, to whom it was providing a defense, to make a timely request for a trial de novo (Code Civ. Proc., § 1141.20). This, State Farm did not do. It should not now be heard, in the face of an express statutory declaration to the contrary, to argue that the resulting judgment is somehow entitled to less "force and effect" than the one which would have obtained had State Farm's insureds timely sought such relief and proceeded to trial before a jury.

State Farm's second point, however, is more troublesome. It claims that a judgment based upon a judicial arbitration proceeding can have no collateral estoppel effect[9] and therefore is not the final judicial determination required by *Moradi-Shalal*. Here, State Farm relies upon the recent decision of *Flynn* v. *Gorton, supra,* 207 Cal.App.3d 1550. In that case, Gorton and Flynn, the drivers of two vehicles involved in an automobile accident, elected to submit Gorton's personal injury action against Flynn to judicial arbitration. An award was made in favor of Gorton. Subsequently, the passenger in Gorton's vehicle brought her own personal injury action against both drivers. Flynn cross-complained against Gorton for implied indemnity. Gorton argued that such cross-action was barred by the operation of the final judgment which arose out of the judicial arbitration proceedings as Flynn's liability had necessarily been established by the award made against him.

The *Flynn* court concluded that res judicata did not apply since the claim asserted by Flynn (his right to implied indemnity) was a different cause of action than the claim asserted in arbitration (Gorton's right to be free from personal injury). The court further held that collateral estoppel did not apply to judicial arbitration proceedings for the primary reason that the hearings were informal and unrecorded and no findings or conclusions of

---

[9] As explained in footnote 6, *ante,* a final judgment entered under Code of Civil Procedure section 1141.23 would be res judicata in any subsequent proceeding on the same cause. The doctrine of collateral estoppel, however, is different in that it only precludes the relitigation of "issues that were actually litigated and determined in the first action. [Citations.] Issues are actually litigated if the judgment itself indicates they have been litigated or *litigation of the issue was necessary to the judgment.* [Citations.] The entire record of the first suit may be examined to determine if an issue was decided by the judgment. [Citation.]" (*Frommhagen* v. *Board of Supervisors* (1987) 197 Cal.App.3d 1292, 1301, fn. 3 [243 Cal.Rptr. 390], italics added; see also *Barker* v. *Hull* (1987) 191 Cal.App.3d 221, 225 [236 Cal.Rptr. 285].) As we point out below, the issue of the liability of State Farm's insureds *was* actually and necessarily litigated and finally determined.

law are required.[10] Thus, it would be too difficult to determine just what issues were actually litigated and how they were resolved. For example, the *Flynn* court had no way of knowing whether or not the judicial arbitrator found any comparative negligence on Gorton's part. This obviously would be a major issue in the trial of Flynn's cross-complaint.

While the *Flynn* court reached the right result on its facts, we can not subscribe to the proposition that a final judgment following arbitration proceedings can never have collateral estoppel effect. Here, the *only* issue with which we are concerned is whether State Farm's insureds had *any* liability to the claimant seeking to prosecute the bad faith action. That issue was *actually, necessarily* and *finally* resolved in plaintiffs' favor by the judgment arising from the arbitration award. Clearly, without such a finding of liability, there could be no basis for the arbitrator's award. This was a final resolution of the issue of their insureds' liability and therefore State Farm would be collaterally estopped by such judgment from relitigating that issue in the bad faith action. (See *Nationwide Ins. Co.* v. *Superior Court, supra,* 128 Cal.App.3d at p. 715.)

### 2. The Acquiescence of the Parties in a Judicial Arbitration Award Does Not Make the Resulting Judgment Any Less Final or Conclusive

■ We likewise reject State Farm's second contention that mutual acquiescence in an arbitrator's award has the effect of making the resulting judgment a "stipulated judgment" which may not be considered a conclusive judicial determination. The same claim could be made for every judgment resulting from a contested proceeding where one of the parties accepts, without further contest by motion, writ or appeal, some critical trial court ruling.

In addition, it seems to us that a stipulated judgment, although the product of negotiation and agreement rather than contested proceedings, can satisfy the concerns expressed in *Moradi-Shalal* to the same extent as a

---

[10]The court also stated that it would be an unfair surprise to bind the parties to a judicially arbitrated resolution of issues in view of the low monetary amount in controversy and the option of a trial de novo, all of which might have deprived the parties of a serious incentive to litigate. (*Flynn* v. *Gorton, supra,* 207 Cal.App.3d at p. 1556.) We reject such a rationale. To give plaintiffs' judgment collateral estoppel effect with respect to the issue of the liability of State Farm's insureds would, in this case, be neither unfair (all parties had a fair opportunity to fully litigate the issue) nor a surprise (the consequences of a failure to seek a trial de novo are clearly spelled out in the statute). We see no reason to be concerned with the presence or absence of a motive for the parties to litigate a particular issue. It is the opportunity to do so that matters, not the vigor or enthusiasm they may or may not bring to the task.

judgment following a fully contested trial. (See 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 219, p. 656.) ▉ The issue of liability is necessarily resolved by the agreed judgment *unless* it has been the product of fraud or collusion or the insurer was denied the opportunity to participate in and defend the action against its insured.[11] If any of those circumstances are present, then clearly the stipulated judgment would not represent a final and conclusive judicial determination of an insured's liability for purposes of *Moradi-Shalal.*

▉ ▉ ▉ State Farm argues that the only judgment which can satisfy that standard must flow from an actual adjudication of the issue of the insured's liability "in a court of law by a judge or jury."[12] However, *Moradi-Shalal* does not go so far or require so much. It requires only a judicial determination which is a *final* and *conclusive* resolution of the liability issue.[13]

---

[11] We note, however, that insurer participation would not be necessary in all cases. For example, it would not be required where the insurer has denied coverage and refused to provide a defense. In such a circumstance, the insured is free to agree with the claimant to a judgment resolving the issue of his liability which, *if coverage is subsequently established,* would constitute a final judicial determination of that liability binding upon the insurer even though it was not a party to the action or to the agreement. (*Samson* v. *Transamerica Ins. Co.* (1981) 30 Cal.3d 220, 237-241 [178 Cal.Rptr. 343, 636 P.2d 32].) No principled reason exists for recognizing the absent insurer's liability to the claimant for the amount of such judgment yet not recognizing the stipulated resolution of the liability issue for purposes of a subsequent action by the claimant against the insurer under Insurance Code section 790.03, subdivision (h).

[12] The unstated premise for this argument may well be that if a stipulated judgment can subsequently be attacked on the grounds of fraud, collusion or insurer nonparticipation then such a judgment would not be a final determination, at least for purposes of *Moradi-Shalal.* Leaving aside our recognition that, upon a proper showing, any judgment is subject to collateral attack, we could perhaps avoid the problem by simply adopting, as a matter of policy, the requirement that there first be an "actual adjudication" of liability. However, in our view, such a facile solution would present not only problems of definition (e.g., what dispositive trial circumstances short of a jury verdict, even though producing a final judgment, would or would not qualify?) but would run counter to established principles of collateral estoppel.

The doctrine of collateral estoppel concerns itself with the *actual litigation* and final determination of identical issues between identical parties (or those in privity). An issue is "actually litigated" when it is (1) properly raised by the pleadings, or otherwise, (2) submitted for determination and (3) finally determined. (Rest.2d Judgments, § 27, com. d., at p. 255; *Barker* v. *Hull, supra,* 191 Cal.App.3d 221, 226.) Even if only for the limited purposes of satisfying *Moradi-Shalal,* the imposition of an additional requirement that the prior judgment also be supported by some particular level of litigation activity would be a novel and troublesome departure from settled law. It seems to us sufficient if the issue of liability was raised, submitted for decision and finally determined in the underlying action. Whether that final judicial determination is based upon a jury's resolution of conflicting evidence, a failure of proof or a stipulation which necessarily resolves the issue is not a consideration relevant to the application of collateral estoppel.

[13] In our view, that is why *Moradi-Shalal* rejected the proposition that either (1) a settlement of the claim in the underlying action or (2) an admission of the insured's liability therein could constitute the required "conclusive judicial determination." While either might re-

### CONCLUSION

For these reasons, we hold that the determination of the liability of State Farm's insureds by means of the judicial arbitration process, and the subsequent entry of a final judgment, was a sufficient judicial resolution of the insureds' liability to satisfy *Moradi-Shalal*. The trial court therefore properly denied State Farm's motion for judgment on the pleadings. Plaintiffs, by virtue of a final judgment in their favor in the underlying action, have sufficient standing to proceed with their bad faith action against State Farm under Insurance Code section 790.03, subdivision (h).

### DISPOSITION

The alternative writ is discharged. State Farm's petition for a peremptory writ of mandate (or, in the alternative, a writ of prohibition) is denied.

Klein, P. J., and Arabian, J., concurred.

Petitioner's application for review by the Supreme Court was denied August 9, 1989.

---

sult in, or at least lead to, such a resolution of the underlying action as would bar any future assertion of the settled or admitted claim, neither is the equivalent of a final judgment. It is only by such formal *judicial* action that the question of the insured's liability is in fact *finally* resolved. A settlement, not involving a stipulated judgment, is routinely accompanied by a *denial* of such liability. An admission of liability, which is not reduced to judgment, would be subject to dispute and proof in the bad faith action. In either circumstance, there has not been "a final judgment determining the insured's liability" (*Moradi-Shalal, supra,* 46 Cal.3d at pp. 308-313; see also, *Nationwide Ins. Co.* v. *Superior Court, supra,* 128 Cal.App.3d at p. 714).